# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CR-07-76-SPS |
| | ) |
| ALYN M. BRANNON, | ) |
| also known as AL BRANNON, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER DENYING MOTION
## FOR EARLY TERMINATION OF PROBATION

On November 12, 2008, the Court sentenced the Defendant Alyn M. Brannon to three years probation after he pled guilty to a misdemeanor information charging him with failure to file an income tax return in violation of 26 U.S.C. § 7203. The Court also ordered the Defendant to serve six months in home confinement and to pay restitution in the amount of $30,000.00 [Docket No. 36]. On November 30, 2009, the Defendant filed a Combined Motion for Early Termination of Probation and Brief in Support [Docket No. 39]. The Court set the motion for hearing in accordance with Fed. R. Crim. P. 32.1(c)(1) and heard evidence from the Defendant on February 5, 2010 [Docket No. 41]. For the reasons set forth below, the Defendant's Motion for Early Termination of Probation is hereby DENIED.

The Defendant presented the following evidence in support of early release: (i) he completed his home confinement successfully and paid his restitution ahead of the schedule set forth at sentencing; (ii) he has faithfully complied with all the terms of his probation; (iii) he rendered substantial assistance to the government prior to sentencing

and has continued to cooperate since; (iv) his employment requires frequent to travel to Mexico, which has been inconvenient on occasion because of travel restrictions imposed by his probation officer in the District of Arizona, *e. g.*, approval in advance for overnight stays; and, (iv) neither his probation officer nor the government objects to early release from probation (but neither do they recommend it).  The Defendant also argues that his case is similar to *United States v. McNeill,* 2009 WL 2589092 (S.D. Ala. 2009) [unpublished opinion], wherein a defendant who pled guilty to a *felony* failure to file was released from probation after serving fifteen months of a three-year term and completing restitution payments early.

The Court may "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  Factors to consider include the following: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (v) any pertinent policy statement issued by the Sentencing Commission; (vi) the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and, (vii) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3564(c) (directing consideration of "the factors set forth in section 3553(a) to the extent they are applicable").

The Court has considered the Section 3553(a) factors arguably applicable to a request for early termination and the similarities between this case and *McNeill*. Like the defendant in *McNeill*, the Defendant here pled guilty, cooperated with the government, successfully completed fifteen months of a three-year sentence of probation and paid restitution in full ahead of schedule. But in *McNeill* the defendant's probation officer affirmatively recommended that she be released from probation early; there is no such recommendation here. Furthermore, unlike the defendant in *McNeill*, the Defendant in this case has a prior criminal history *and* violated the conditions of his pretrial release while awaiting sentencing in this case [Docket Nos. 17-19, 23-25, 27-28]. Such demerits notwithstanding, the Court granted a departure from the sentencing guidelines (at the government's request) to avoid incarcerating the Defendant and placed him on probation for well less than the maximum term possible. There is no indication that the defendant in *McNeill* received such merciful consideration prior to being released from probation early. These dissimilarities from *McNeill* all relate to one or more of the factors set forth in Section 3553(a), and they far outweigh any factors favoring early release.

The Defendant complains that probation is inconvenient given the demands of his employment. But he is apparently able to perform his job even with the travel restrictions

imposed by his probation officer. And there is no indication that the Defendant's probation officer would not accommodate him if travel restrictions completely foreclosed continued employment.

In summary, the Court is simply not "satisfied that [early termination of probation] is warranted by the conduct of the [D]efendant and the interest of justice." 18 U.S.C. § 3564(c). Consequently, the Defendant's Combined Motion for Early Termination of Probation and Brief in Support [Docket No. 39] is hereby DENIED.

DATED this 5th day of February, 2010.

_____
**Steven P. Shreder**
**UNITED STATES MAGISTRATE JUDGE**